UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TRUSTEES OF THE UNITED PLANT AND
PRODUCTION WORKERS LOCAL 175 BENEFITS
FUND,

                                  Plaintiff,

      -against-

MANA CONSTRUCTION GROUP, LTD., The Estate
of MARK FELDMAN, PATRYCIA FELDMAN,
as executor of the Estate of MARK FELDMAN,
NATALE F. CARDINO, and JOHN DOE COMPANY,

                               Defendants.
------------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 18-4269 (JS) (ARL)

**LINDSAY, Magistrate Judge:**

      Before the Court, on referral from District Judge Seybert, is Plaintiff's letter motion for leave to amend the Complaint to substitute U.S. Specialty Insurance Company and Fidelity and Deposit Company of Maryland for John Doe Company in the caption and complaint. No opposition to the motion has been filed, and the only Defendants that have appeared in the action, the Estate of Mark Feldman and Patrycia Feldman, as executor of the Estate of Mark Feldman, have consented to the amendment. For the reasons stated below, the undersigned recommends that the motion be granted.

## BACKGROUND

      The original complaint in this action, filed on July 27, 2018, alleges violations of Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended ("ERISA"), 29 U.S.C. §§ 132[a][3] and 1145 and breach of contract. The Estate of Mark Feldman and

Patrycia Feldman, as executor of the Estate of Mark Feldman filed an answer to the complaint on November 30, 2018. No other party has appeared in this action. An initial conference was held on February 6, 2019 and a scheduling order was entered at that time. By letter dated September 12, 2019, Plaintiff notified the Court that they had reached a settlement with the Estate of Mark Feldman and Patrycia Feldman, as executor of the Estate of Mark Feldman, and they will be dismissed from this action, although no motion seeking dismissal of the claims has been filed. In that same letter, plaintiff also advised the Court that Natale Cardino had been discharged from this matter in bankruptcy. On October 15, 2019, Plaintiff requested a certificate of default be entered against Mana Construction Group, LTD. The certificate was entered by the Clerk of the Court on October 16, 2019. No motion for default judgment has been filed.

Plaintiff now seeks to file an amended complaint substituting U.S. Specialty Insurance Company and Fidelity and Deposit Company of Maryland for John Doe Company.

**DISCUSSION**

The deadline for motions to amend in this matter was May 6, 2019. ECF No. 10. The instant motion to amend was not filed until October 18, 2019, five months after the deadline had passed. Federal Rule of Civil Procedure ("Rule") 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, a motion to amend should be denied "only for reasons such as undue delay, bad faith, futility of the amendment or prejudice to the other party." *Crippen v. Town of Hempstead*, No. 07–CV–3478 (JFB)(ARL), 2013 WL 2322874, at *1 (E.D.N.Y. May 22, 2013); *see Burch v. Pioneer Credit Recovery, Inc.,* 551 F.3d 122, 126 (2d Cir.2008) (per curiam) ("[M]otions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated

failure to cure deficiencies by amendments previously allowed, or undue prejudice to the nonmoving party."). Nevertheless, where, as here, a Court has issued a scheduling order, pursuant to Rule 16, such an order "may be modified only for good cause." Fed. R. Civ. P. 16(b). Thus, "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

Plaintiff, as the movant, has the burden of proving good cause. *Ahmed v. Astoria Bank*, No. 14-CV-4595, 2015 WL 4394072, at *2 (E.D.N.Y. July 16, 2015). "[A] finding of 'good cause' depends on the diligence of the moving party." *Parker*, 204 F.3d at 340. "A party has not acted diligently where the proposed amendment to the pleading is based on information that the party knew, or should have known, in advance of the deadline sought to be extended. *Ahmed*, 2015 WL 4394072, at *2 (citations and internal quotation marks omitted). "Although diligence is the primary focus of a 'good cause' analysis, a court may, in its discretion, also consider other factors, such as whether 'allowing the amendment of the pleading at this stage of the litigation will prejudice defendants.'" *Id.* (quoting *Kassner v. 2nd Ave Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)). Once a court determines that good cause has been satisfied, the court then turns to whether the liberal standards of Rule 15 have been met. *Id.*

Pursuant to the Court's initial Scheduling Order, Plaintiff's deadline to amend the pleadings was May 6, 2019. Plaintiff argues that good cause is established because by letter dated November 25, 2018 and filed on ECF on December 10, 2018, Defendant Cardino advised the Court that there were no bonds issued in connection with this matter. ECF No. 6. However, Plaintiff claims to have learned that there were, in fact, bonds issued by U.S. Specialty Insurance Company and/or Fidelity

3

and Deposit Company of Maryland and has submitted a FOIL request to the New York City Parks Department to obtain copies of the bonds. Plaintiff does not explain how or when it learned of the existence of the bond.

"When assessing whether to permit amendment of the pleadings after a deadline set by the court, the 'primary consideration is whether the moving party can demonstrate diligence. It is not, however, the only consideration,' as the district court, 'in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleadings at this stage of the litigation will prejudice defendants.'" *Pinyuk v. Cbe Grp.*, No. 17-cv-5753 (RRM)(CLP), 2019 U.S. Dist. LEXIS 71899, 2019 WL 1900985, at *2 (E.D.N.Y. Apr. 29, 2019) (citing *Kassner*, 496 F. 3d at 243). Because there has been virtually no discovery in this matter, the primary wrongdoer is insolvent and Defendant Cardino has been discharged the Court finds there will be no prejudice to Defendants if the late amendment is allowed. Thus, the motion will be considered pursuant to the standards of Rule 15.

As discussed above, a motion to amend should be denied only for reasons such as undue delay, bad faith, futility of the amendment or prejudice to the other party. No opposition to the motion has been filed, and presently, the Court is aware of no reason why the amendment should not be allowed to go forward. However, in the event the ERISA claims, which are not, and cannot, be asserted against the newly added Defendants are dismissed, this Court will be required to undertake an analysis of its jurisdiction to hear the remaining claims on the bond.

Accordingly, it is respectfully recommended that Plaintiff's motion to amend be granted.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court on the parties. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days. Failure to file objections

within this period waives the right to appeal the District Court's Order.  See 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc*., No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997).

Dated: Central Islip, New York
December 3, 2019

                                                                     _____/s/_____
                                                              ARLENE ROSARIO LINDSAY
                                                              United States Magistrate Judge