UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TRUSTEES OF THE UNITED PLANT AND
PRODUCTION WORKERS LOCAL 175 BENEFITS
FUND,

                                                Plaintiff,

        -against-

MANA CONSTRUCTION GROUP, LTD., The Estate
of MARK FELDMAN, PATRYCIA FELDMAN,
as executor of the Estate of MARK FELDMAN,
NATALE F. CARDINO, and JOHN DOE COMPANY,

                                Defendants.
------------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 18-4269 (JS) (ARL)

**LINDSAY, Magistrate Judge:**

       This matter was referred to the undersigned by District Judge Seybert for a report and recommendation as to whether a default judgment should be entered and, if so, the appropriate relief to be awarded to Trustees of the United Plant and Production Workers Local 175 Benefits Fund ("Plaintiffs"). Plaintiffs have submitted the Declaration of Vito A. Palmieri along with attached exhibits, and a memorandum of law in support of their motion for a default judgment and damages, including attorneys' fees and costs. Plaintiffs have not filed an affidavit of service indicating that service of the motion for a default judgment has been made upon the defendant, Mana Construction Group, LTD ("Mana").

       Local Rule 55.2(c) requires a motion for default judgment and supporting papers to be "mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual)[.]" Loc. Civ. R. 55.2(c). "[A] motion for default judgment will not be granted unless the party making that motion adheres to certain local and individual rules." *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-CV-5474, 2015 U.S. Dist. LEXIS 194031, 2015

WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015). Service of the motion on non-appearing defendants is of particular importance, because "mailing notice of such an application is conducive to both fairness and efficiency[.]" Committee Note, Loc. Civ. R. 55.2; *see Miss Jones LLC v. Brown*, No. 17 Civ. 898 (NGG) (VMS), 2020 U.S. Dist. LEXIS 148140 (E.D.N.Y. Apr. 14, 2020) ("It is important that individuals be given notice that a party is asking the Court to enter a default judgment against them. The Eastern District has determined that the best way to ensure such notice is provided is to require that a motion be served on the individual's residence."); *Miss Jones, LLC v. Viera*, No. 18 CV 1398 (NGG)(SJB), 2019 U.S. Dist. LEXIS 19510, 2019 WL 926670, at *4 (E.D.N.Y. Feb. 5, 2019) (The motion for default judgment was not served properly on [defendants]. As a result, the motion must be denied with respect to these defendants."), report and recommendation adopted, 2019 U.S. Dist. LEXIS 30368, 2019 WL 955279 (E.D.N.Y. Feb. 26, 2019); *Transatlantic Auto Grp., Inc. v. Unitrans-PRA Co.*, No. 08-CV-5070, 2011 U.S. Dist. LEXIS 115671, 2011 WL 4543877, at *20 (E.D.N.Y. Sept. 9, 2011) (noting the local rules relating to default provide more protection for non-appearing defendants than the Federal Rules of Civil Procedure to promote fairness and efficiency), report and recommendation adopted, 2011 U.S. Dist. LEXIS 111536, 2011 WL 4543838 (Sept. 29, 2011). "Proof of such mailing shall be filed with the Court." *Miss Jones LLC v. Brown*, 2020 U.S. Dist. LEXIS 148140.

Accordingly, the undersigned respectfully recommends that Plaintiff's motion for entry of a default judgment be denied with leave to refile with proof of service within 30 days.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court on the parties. Any objections to this Report and Recommendation must be filed with the Clerk

of the Court with a courtesy copy to the undersigned within 14 days.  Failure to file objections within this period waives the right to appeal the District Court's Order.  See 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc*., No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997).

Dated: Central Islip, New York
February 24, 2021

                                           _____/s/_____
                                           ARLENE ROSARIO LINDSAY
                                           United States Magistrate Judge