UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
TRUSTEES OF THE UNITED PLANT AND
PRODUCTION WORKERS LOCAL 175 BENEFITS
FUND,

                                                                              **REPORT AND**
                                                                              **RECOMMENDATION**
                         Plaintiffs,                  CV 18-4269 (JS) (ARL)

       -against-

MANA CONSTRUCTION GROUP, LTD., et al.,

                       Defendants.
----------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the Court, on referral from District Judge Seybert, are motions to dismiss filed by U.S. Specialty Insurance Company ("USSIC") and Fidelity and Deposit Company of Maryland ("F&D") pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1), (2), (4), (5), and (6), or, in the alternative, for a more definite statement pursuant to Rule 12(e). In addition, the Trustees of the United Plant and Production Workers Local 175 Benefits Fund ("Plaintiffs"), have cross moved for leave to file and serve an amended summons against USSIC and F&D. For the reasons stated below, the undersigned recommends that Plaintiffs' motion be denied and USSIC's and F&D's motion to dismiss for lack of personal jurisdiction be granted.

## BACKGROUND

      The original complaint in this action, filed on July 27, 2018, alleges violations of Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended ("ERISA"), 29 U.S.C. §§ 132[a][3] and 1145 and breach of contract. ECF No. 1. The original complaint named Mana Construction Group, Ltd., the Estate of Mark Feldman, Patrycia Feldman, as

executor of the Estate of Mark Feldman, Natalie F. Cardino and Joe Doe Company as defendants.  *Id.*  The Estate of Mark Feldman and Patrycia Feldman, as executor of the Estate of Mark Feldman filed an answer to the complaint on November 30, 2018.  ECF No. 5.  An initial conference was held on February 6, 2019 and a scheduling order was entered at that time.  ECF No. 10.  By letter dated September 12, 2019, Plaintiffs notified the Court that they had reached a settlement with the Estate of Mark Feldman and Patrycia Feldman, as executor of the Estate of Mark Feldman, and, three months later, on December 9, 2019, the claims were dismissed.  In that same September 12, 2019 letter, Plaintiffs also advised the Court that Natale Cardino had been discharged from this matter in bankruptcy.  On October 15, 2019, Plaintiffs requested a certificate of default be entered against Mana Construction Group, LTD.  The certificate was entered by the Clerk of the Court on October 16, 2019.  On October 18, 2019, Plaintiffs made a motion to file an amended complaint substituting USSIC and F&D for John Doe Company.  ECF No. 16.  That motion, which was unopposed, was referred to the undersigned for a report and recommendation. By report and recommendation dated December 3, 2019, this Court recommended Plaintiffs be allowed to file an amended complaint.  Judge Seybert adopted the report and recommendation on December 23, 2019.  On March 5, 2020, this Court directed Plaintiffs to either file the amended complaint and motion for entry of default judgment or otherwise show cause as to why this action should not be dismissed for failure to prosecute no later than March 26, 2020.  ECF No. 21.  The Amended Complaint was filed on March 25, 2020.  ECF No. 25.[1]  Plaintiffs' time to serve the Amended Complaint, as

---

[1] The motion for default judgment was also filed on March 25, 2020, after the order to show cause.  ECF No. 22.  The motion for default judgment was referred to the undersigned by Judge Seybert, and by report and recommendation dated February 24, 2021, this Court recommended the motion be denied because it had not been served on Defendants.  Judge Seybert adopted the report and recommendation on March 22, 2021.  ECF No. 45.  On May 3, 2021, Plaintiffs filed a second motion for default judgment.  ECF No. 49.  That motion was referred to the undersigned as well and has not yet been ruled upon.

2

prescribed by Rule 4(m), expired on June 23, 2020. The Amended Complaint adding USSIC and F&D as defendants was not served on USSIC until December 11, 2020, and only a copy of the Amended Complaint was served, no summons was attached. *See* Declaration of Andrew S. Kent in Support of Defendant U.S. Specialty Insurance Company's Motion to Dismiss Plaintiff's Amended Complaint or, in the alternative, for a More Definite Statement, dated February 22, 2021 ("Kent Decl.") at ¶ 28. F&D was served a copy of the Amended Complaint, without a summons on December 4, 2020. *See* Memorandum of Law in Support of Defendant F&D Company of Maryland's Motion To Dismiss The Amended Complaint ("F&D Mem.") at 3.

Defendant USSIC initially filed a motion to dismiss on December 31, 2020, prior to making a pre-motion conference request. ECF. No. 32. Judge Seybert deemed that motion moot and on February 22, 2021, USSIC moved to dismiss the Amended Complaint as against USSIC pursuant to Rules 12(b)(2), (4), (5), and (6), or, in the alternative, for a more definite statement pursuant to Rule 12(e). ECF No. 39. In support of the motion, USSIC relied upon Defendant U.S. Specialty Insurance Company's Brief In Support Of Motion To Dismiss Plaintiff's Amended Complaint Or, In The Alternative, For A More Definite Statement ("USSIC Mem.") along with the Kent Declaration. Attached to the Kent Declaration are pleadings from other litigations, along with correspondence between the parties. *Id.* USSIC contends it was not served with an amended summons at the time it was served with the Amended Complaint and the Plaintiffs have failed to state a claim because they have not referenced "any 'contract for which a payment bond [was] furnished by USSIC, and does not allege that any laborer was not paid in full 'for the work performed' under 'such contract.'" USSIC Mem. at 10.

3

Defendant F&D also moved to dismiss the Amended Complaint on February 22, 2021. F&D moved pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6), or, in the alternative, for a more definite statement under Rule 12(e). ECF No. 41. Defendant F&D moves to dismiss the Amended Complaint for a lack of subject matter jurisdiction because there is no allegation that any surety bond that F&D may have issued is governed by ERISA, and no other basis for subject matter jurisdiction is pleaded, dismissal is proper under Rule 12(b)(6) because the Amended Complaint is devoid of facts identifying the contract at issue and because service of "process was never effectuated on F&D in that Plaintiffs never requested that a summons (or Amended Summons) be issued by the Clerk of the Court, none was issued, none was served on F&D, and the time to effectuate such service under Rule 4 has long ago expired with no extension having been requested by Plaintiffs." F&D Mem. at 4.

Plaintiffs responded separately to each of the motions on March 15, 2021 and cross moved against both USSIC and F&D for an extension of time to file and serve an amended summons. ECF Nos. 43, 44. Plaintiffs did not request an extension of their time to serve the amended summons prior to that date. In opposition to USSIC's motion to dismiss, Plaintiffs relied upon their Memorandum of Law in Support of Plaintiff's Cross-Motion and in Opposition To Defendant's Motion To Dismiss ("Pl. USSIC Op.") along with the Declaration of Vito A. Palmieri in Support of Plaintiff's Cross-Motion and in Opposition to Defendant's Motion to Dismiss dated March 15, 2021 ("Palmieri Decl.") attaching documents outside of the pleadings. ECF No. 43. In Opposition to F&D's motion to dismiss, Plaintiffs relied upon their Memorandum of Law in Support of Plaintiff's Cross-Motion and in Opposition To Defendant's Motion To Dismiss ("Pl. F&D Op.") along with a separate Declaration of Vito A. Palmieri in Support of Plaintiff's Cross-Motion and in Opposition to Defendant's Motion to Dismiss dated

March 15, 2021 ("Palmieri F&D Decl.") also attaching documents outside of the pleadings. ECF No. 44.

By order dated May 7, 2021, Judge Seybert referred both motions to dismiss along with Plaintiffs' cross motion for an extension of time to the undersigned, for a report and recommendation as to whether the motions should be granted.

## DISCUSSION

### A. Motions to Dismiss Pursuant to Rules 12(b)(2), 12(b)(4) and 12(b)(5) and Plaintiffs' Cross Motion for an Extension of time to serve

Both USSIC and F&D have moved to dismiss pursuant to Rules 12(b)(2), 12(b)(4) and 12(b)(5) because Plaintiffs failed to serve a summons upon either Defendant when these defendants were belatedly served with the Amended Complaint in December 2020 and this Court, therefore, lacks personal jurisdiction over them.[2]  Indeed, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  *Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) ("The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and 'is inflexible and without exception'").  Thus, the Court begins its analysis by addressing the arguments pursuant to Rules 12(b)(4) and 12(b)(5) concerning the lack of proper service on Defendants which impacts the Court's jurisdiction pursuant to Rule 12(b)(2).[3]  Plaintiffs

---

[2] Plaintiffs filed the Amended Complaint on March 25, 2020, and their time to serve the Amended Complaint, as prescribed by Rule 4(m) expired on June 23, 2020.

[3] In considering a Rule 12(b)(5) and 12(b)(4) motion to dismiss for insufficient service of process, the court "must look to matters outside the complaint to determine whether it has jurisdiction." *Hertzner v. United States Postal Serv.*, No. 05-CV-2371, 2007 U.S. Dist. LEXIS 19691, 2007 WL 869585, at *3 (E.D.N.Y. Mar. 20, 2007); *see also Hilaturas Miel, S.L. v. Republic of Iraq,* 573 F.Supp.2d 781, 796 (S.D.N.Y. 2008).

5

concede that no service was made of the Amended Complaint until December 2020 and no summons was attached to either complaint and cross moves for an extension of time to effectuate service pursuant to Rule 4(m).

Courts have concluded that the failure to serve a summons constitutes a flagrant disregard of Rule 4 rendering service of process "fatally defective*." Bloom v. Democratic Nat'l Comm.*, No. 01 Civ. 11598 (RWS), 2002 U.S. Dist. LEXIS 21426, 2002 WL 31496272, at *2 (S.D.N.Y. Nov. 6, 2002); *Osrecovery, Inc. v. One Group Int'l, Inc.*, 234 F.R.D. 59, 60 (S.D.N.Y. 2005) (finding service of process ineffective as a result of the plaintiff's failure to serve a summons); *Barron v. Miami Exec. Towers Assocs. Ltd. P'ship*, 142 F.R.D. 394, 397 (S.D.N.Y. 1992) (holding that "actual receipt of both the summons and the complaint is a base requirement" of Rule 4"). The court obtains personal jurisdiction over a defendant as a result of service of a summon. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd*., 484 U.S. 97, 108 S. Ct. 404, 98 L. Ed. 2d 415, (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. 'Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'" (internal brackets and quotations omitted)). Here, Plaintiffs' failure to serve a summons warrants dismissal of the Complaint. *See Boahen v. Trifiletti*, No. 3:18-cv-00171 (VLB), 2019 U.S. Dist. LEXIS 25865, 2019 WL 688412 (D. Conn. Feb. 19, 2019) (citing *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010) ("There is no dispute that plaintiff's March 4, 2008 service, which included a copy of the complaint but no summons, was defective under Rule 4(c)"); *Osrecovery*, 234 F.R.D. at 61 (dismissing complaint where plaintiffs showed "a complete disregard for the requirement that a summons be served")).

6

In an attempt to avoid dismissal of the Amended Complaint, Plaintiffs move for an open-ended extension of their time to serve the summons. Under Rule 4(m) the Court must extend Plaintiffs' time to serve the summons if Plaintiffs are able to demonstrate good cause for their failure, and it has discretion to extend the time to serve even if good cause is absent. *See, e.g., Husowitz v. American Postal Workers Union*, 190 F.R.D. 53, 57 (E.D.N.Y. 1999) ("Rule 4(m) allows the court, in its discretion, to extend the time for service, even if the plaintiff fails to show good cause. If the plaintiff has shown good cause, the extension is mandatory") (quotations omitted); *Charles v. New York City Police Dep't*, No. 96 Civ. 9757 (WHP)(THK),1999 U.S. Dist. LEXIS 14274, *23, 1999 WL 717300, at *7 (S.D.N.Y. Sept. 15, 1999) ("Even absent a finding of good cause, the Court has discretion to extend the time for service."). The plaintiff bears the burden of showing good cause for failing to timely serve the defendant. *Bunim v. City of New York*, No. 05-cv-1562, 2006 U.S. Dist. LEXIS 50309, 2006 WL 2056386, at *2 (S.D.N.Y. Jul. 21, 2006); *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000).

With respect to demonstrating good cause for failure to serve, "[g]ood cause means a valid reason for delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002). Generally, "[g]ood cause is . . . found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *E. Refractories Co. v. Forty Eight Insulations, Inc.,* 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (internal quotations and citation omitted); *McKibben v. Credit Lyonnais*, No. 98 Civ. 3358 (LAP), 1999 U.S. Dist. LEXIS 12310, 1999 WL 604883, at *3 (S.D.N.Y. Aug. 10, 1999)( "Good cause or excusable neglect is generally found only in exceptional circumstances where plaintiff's failure to serve process in a timely manner was the

7

result of circumstances beyond his control."). Factors deemed outside of the plaintiff's control typically include "sudden illness, natural catastrophe or evasion of service of process." *Purzak v. Long Island Housing Servs., Inc.,* Nos. 12-CV-1747, 12-CV-4010, 2013 U.S. Dist. LEXIS 131171, 2013 WL 520271, at *4 (E.D.N.Y. Sept. 13, 2013), (quoting *Madison v. BP Oil Co.*, 928 F. Supp. 1132, 1137 (S.D. Ala. 1996)). In determining whether good cause exists, district courts must consider "(1) the reasonableness and diligence of Plaintiff's efforts to serve, and (2) the prejudice to the Moving Defendants from the delay." *Micciche v. Kemper Nat'l Servs.*, 560 F. Supp. 2d 204, 209 (E.D.N.Y. 2008); s*ee also Hines v. Roc-A-Fella Records, LLC*, No. 19-CV-4587 (JPO), 2020 U.S. Dist. LEXIS 67849, 2020 WL 1888832, at *2 (S.D.N.Y. Apr. 16, 2020); *Strujan v. Davis*, No. 14-CV-1972 (RRM) (SMG), 2019 U.S. Dist. LEXIS 54486, 2019 WL 1429983 (E.D.N.Y. Mar. 29, 2019); *Fowler v. City of New York,* No. 13-CV-2372 (KAM)(RML), 2015 WL 9462097, at *5 (E.D.N.Y. Dec. 23, 2015). In assessing whether a plaintiff has made a showing of good cause, a court "should look to whether 'the plaintiff was diligent in making reasonable efforts to effect service, including but not limited to whether plaintiff moved under FRCP 6(b)' for an extension of time in which to serve the defendant." *AIG Managed Mkt. Neutral Fund*, 197 F.R.D. at 108 (quoting *Gordon v. Hunt*, 835 F.2d 452, 453 (2d Cir.1987)). An attorney's "inadvertence, neglect, or mistake" is ordinarily insufficient to support a finding of good cause. *AIG Managed Mkt. Neutral Fund*, 197 F.R.D. at 108; *Fairman v. Hurley*, 373 F. Supp. 2d 227, 233 n.7 (W.D.N.Y. 2005).

Plaintiffs filed the Amended Complaint on March 25, 2020 and their time to serve a summons and complaint expired on June 23, 2020. In support of their motion for an extension of time to serve the summons and Amended Complaint – not made until March 15, 2021 -- Plaintiffs contend that "shortly after filing the amended complaint, Plaintiff's counsel's office

8

had closed as a result of the COVID-19 Pandemic. As the undersigned's staff did not have readily accessible remote access to this file at the time the office was forced to close, they were not able to effectuate service. However, pursuant to the Governors Executive Orders, all statute of limitations and statutory time requirements were tolled until November 3, 2020." Pl. USSIC Op. at 4-5; Pl. F&D Op. at 5. This justification is offered as an explanation for the seven-month delay between filing the Amended Complaint and service of the Amended Complaint on USSIC and F&D, as well as Plaintiffs' failure to attach a summons to the Amended Complaint when it was ultimately served in December 2020. *See id*. In response, defendants USSIC and F&D both point out that Plaintiffs were able to effectively serve a summons and complaint in other lawsuits. USSIC Reply Mem. at 3, citing cases; F&D Reply Mem. at 6. Similarly, F&D contends that that "Plaintiffs have not explained, with evidence or with any particularity, how the pandemic interfered" which is insufficient to demonstrate good cause. F&D Reply at 4 (citing *Hood v. Catholic Health Sys.*, No. No. 1:20-cv-673, 2020 U.S. Dist. LEXIS 249477, at *18-19, 2020 WL 8371205 (W.D.N.Y. Sept. 28, 2020)(citing *Julianne M.F. v. Saul*, No. 1:18-cv-00469-GZS, 2020 U.S. Dist. LEXIS 124484, 2020 WL 3989598, at *3 (D.Me. July 15, 2020) (holding that, although plaintiff's counsel's practice was severely disrupted by the pandemic, "the plaintiff [fell] short of showing that the pandemic itself stood in the way of her timely filing" and that the firm's failure to meet a known deadline was due to "garden-variety error"). Finally, with respect to Plaintiffs' position that good cause for the extension is somehow established by Governor Cuomo's executive order tolling time limits proscribed by state law, F&D argues the Plaintiffs have provided no support for their position that the Executive Order tolled time limits established by federal law. F&D Reply at 6-7 (citing *O'Rourke v. Ehsan Food Corp.*, No. 19-cv-6162 (LJL), 2020 U.S. Dist. LEXIS 220137, 2020

9

WL 6894663 (S.D.N.Y. Nov. 24, 2020) ("the Executive Orders tolled only 'any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as prescribed by the procedural laws of the state' and were justified by the directive of the Chief Judge of the State of New York with respect to the operations of the state court. N.Y. Gov. Exec. Order No. 202.8. They did not purport to toll time periods prescribed by federal law"). Plaintiffs have not replied to any of the arguments presented by USSIC or F&D in opposition to the cross motion for an extension of time, have taken no steps to secure or serve an amended summons and until Plaintiffs' opposition to Defendants' motion to dismiss, Plaintiffs never sought an extension of time under Rule 6.[4]

While the Court is aware of the difficulties faced by counsel during the pandemic, Plaintiffs must specify the impacts which interfered with proper service and provide some support for their position that their ability to serve a summons (and complaint) in this matter was hampered by the pandemic, despite evidence indicating they were able to do so in other matters. *See, e.g. Ting Qiu Qiu v. Shanghai Cuisine, Inc.,* No. 18 Civ. 5448 (ER), 2020 U.S. Dist. LEXIS 122882, 2020 WL 8678078 (S.D.N.Y. July 13, 2020)("Defense counsel's apparent misrepresentations to the Court are greatly concerning. While the pandemic has imposed a great burden on our economy, many sectors, including the legal profession, have had the good fortune to continue their operations by having employees work from home. Defense counsel surely had that ability. He cannot therefore choose which Court orders he will respond to and which he will ignore, and then blame the pandemic"). In light of the unopposed evidence presented by USSIC and F&D indicating Plaintiffs' counsel maintained the ability to practice during the pandemic

---

[4] "[T]he request for a judicial extension of the [90]-day period must be sought prior to the expiration of that period." *See Maldonado*, 2016 U.S. Dist. LEXIS 137217, 2016 WL 11481201, at *2 (quoting *Alexander v. Forest City Pierrepont Assocs.*, No. CV 94-3961, 1995 U.S. Dist. LEXIS 22079, 1995 WL 406135, at *2 (E.D.N.Y. June 26, 1995)).

by filing and serving at least one summons and complaint in another action and filing other papers with the court, Plaintiffs have failed to demonstrate good cause for the extension.[5]

Next, the Court must consider whether to exercise its discretion to grant Plaintiffs' motion for an extension. *See Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007) ("[D]istrict courts have discretion to grant extensions even in the absence of good cause"). Even where "good cause" does not exist, the district court, in exercising its discretion to extend the time for service, should consider the following factors: "'(1) whether the applicable statute of limitations would bar the re-filed action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.'" *Charles*, 1999 WL 717300, at *7 (quoting *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 506 (S.D.N.Y. 1999)). "To obtain a discretionary extension absent a showing of good cause, 'the plaintiff must ordinarily advance some colorable excuse for neglect.'" *Cassano*, 186 F. Supp. 3d at 323 (quoting *Zapata*, 502 F.3d at 198). The Second Circuit "has indicated that [it] will not disturb a district court's dismissal for untimely service absent a plaintiff's showing of a colorable excuse for his neglect." *Mares v. United States*, 627 F. App'x 21, 24 (2d Cir. 2015). "Where a party fails to take any affirmative step to serve its adversary, courts should refrain from granting that party more time to effect service." *Point-Dujour v. United States Postal Serv.*, No. 02 Civ. 6840 (JCF), 2003 U.S. Dist. LEXIS 5041, 2003 WL 1745290, at *3 (S.D.N.Y. March 31, 2003) (citing cases); *Eastern Refractories*, 187 F.R.D. at 506 ("District courts consider the diligence of plaintiff's efforts to

---

[5] Plaintiffs' remaining two arguments advanced in an effort to demonstrate good cause are equally unavailing. No authority is presented to support their position that the state executive order somehow impacted the time to serve a summons under the Federal Rules of Civil Procedure, and Plaintiffs' counsel's letter "notifying" F&D of a potential claim plainly cannot take the place of a summons.

11

effect proper service and any prejudice suffered by the defendant as a consequence of the delay."). Plaintiffs have not taken a single step toward proper service, despite being on notice of USSIC's position with respect to service since December 2020.

While Plaintiffs have entirely failed to serve USSIC and F&D with a summons, the Amended Complaint was belatedly served in December 2020, and thus USSIC and F&D were on notice of the claims to be asserted against them. However, actual notice does not excuse Plaintiffs from complying with Rule 4 -- the requirements of Rule 4 are mandatory. *Hegmann v. United States*, 745 F. Supp. 886, 890 (E.D.N.Y. 1990). "[E]ven assuming [Defendants] had actual notice of the claims against them, their actual notice does not overcome Plaintiff's failure to even "attempt[] to remedy the defect [in service] by asking the district court to extend [his] time to effect personal service.'" *Jones v. Westchester County*, No. 14-CV-9803 (KMK), 2018 U.S. Dist. LEXIS 215154, 2018 WL 6726554, at *7 (S.D.N.Y. Dec. 21, 2018) (quoting *Bogle-Assegai v. Conn.,* 470 F.3d 498, 508-09 (2d Cir. 2006)).

With respect to the running of the statute of limitations, USSIC argues, by citing numerous documents outside of the pleadings, that the statute of limitations has run on Plaintiffs' claim even if the date of filing relates back to the Amended Complaint. USSIC Reply Mem. at 6-7. Plaintiffs disagree and contend, in a single sentence, that the action would not be barred by the statute of limitations if service had been properly made. Pl. USSIC. Op. at 5. Because this is a disputed issue, and USSIC has not moved to dismiss or for summary judgment on the basis of its affirmative defense of the running of the statute of limitations the Court will not resolve this issue at this juncture and this factor will remain neutral.

The factor weighing most heavily in favor of denying Plaintiffs' cross motion for an extension of time to answer is the potential prejudice to USSIC and F&D. USSIC argues that it

has been prejudiced because "Mana has been out of business for five years. Its owners are either dead or discharged in bankruptcy. The only other parties that might have been of assistance in providing information regarding Mana and its business records, the Estate of Michael Feldman and its executor, were voluntarily dismissed as parties from the action." USSIC Reply Mem. at 7-8.  USSIC argues further that Plaintiffs have "waited so long to pursue its unarticulated payment bond claims that the five-year period during which public contracting units were required to maintain copies of Mana's relevant payroll records has now expired." *Id*. at 8. Similarly, F&D argues that "during the period between December 2019, when the Court first granted Plaintiffs' motion to amend its complaint, and today, time may have run on the period in which public entities are required to retain certified payroll records and other evidence regarding the construction projects that may have given rise to Plaintiffs' alleged claims" which would prejudice F&D's ability to defend the claims.  F&D Reply Mem. at 6.  Plaintiffs' delay of more than a year in obtaining personal jurisdiction over USSIC and F&D has prejudiced these defendants.  Thus, the only factor weighing clearly in favor of Plaintiffs' request for an extension of its time to serve the complaint is the fact that Defendants had notice of Plaintiffs' intention to assert claims against them.

The Court in *Pajak v. New York State Office of Temporary & Total Disability*, No. 16-CV-899-FPG, 2018 U.S. Dist. LEXIS 153096, 2018 WL 4268915, at *5-7 (W.D.N.Y. Sept. 7, 2018), determined that "[a]gainst those factors above that weigh in Plaintiff's favor, the Court notes that '[t]o obtain a discretionary extension absent a showing of good cause, the plaintiff must ordinarily advance some colorable excuse for neglect.'" *Id.* (quoting *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 323 (S.D.N.Y. 2016)); *see also Felix v. City of Poughkeepsie*, No. 16 Civ. 1131 (NSR), 2019 U.S. Dist. LEXIS 181651, 2019 WL 5306981, *5 (S.D.N.Y. Oct. 18, 2019)

13

(dismissing complaint where Plaintiff offers "no justifiable excuse for his failure to timely serve the summons, even one falling short of good cause"). There, as here, plaintiff offered no colorable excuse for neglect. Plaintiffs here have failed to actively pursue this case. Indeed, Plaintiffs needed to be prompted by this Court to file the Amended Complaint and motion for default judgment months after being granted leave to do so. Once the Amended Complaint was filed, Plaintiffs waited seven months before serving the Amended Complaint on USSIC and F&D, and at that time failed to attach an amended summons. Plaintiffs' default judgment motion, also filed in March 2020, was rejected by this Court because it was not served upon the defaulting defendant. USSIC's first motion to dismiss for failure to serve the summons was filed in December 2020, yet Plaintiffs did not endeavor to correct the improper service and did not move for an extension of time to serve the summons at that time. The only excuse offered by Plaintiffs for these delays is a vague reference to the Covid -19 pandemic. Because the burden of proving an excuse for neglect "is higher where the delay in service is substantial," *Spinale v. United States*, No. 03 Civ. 1704 (KMW) (JCF), 2005 U.S. Dist. LEXIS 4608, 2005 WL 659150, at *4 (S.D.N.Y. Mar. 16, 2005); *Buckley v. DOHA Bank Ltd.*, No. 01-cv-8865, 2002 U.S. Dist. LEXIS 13769, 2002 WL 1751372, at *3 (S.D.N.Y, July 25, 2002), the Court finds Plaintiffs have not diligently attempted to properly serve USSIC and F&D. Accordingly, the Court respectfully recommends that Plaintiffs' cross motion to extend their time to serve USSIC and F&D be denied and USSIC and F&D's motion to dismiss be granted.

      As noted by the *Pajak* Court, "[t]he Court is 'acutely aware . . . that behind counsel stands a plaintiff' who may lose her chance to bring her claims against the defendant. . . . Nonetheless, if the Rules are to mean anything, parties must diligently try to follow them and courts must enforce them, even if that means that cases must sometimes be finally determined

14

on procedural grounds rather than on their substantive merits." *Pajak*, 2018 U.S. Dist. LEXIS 153096 at *17 (citations omitted).

Because the Court recommends the denial of Plaintiffs' motion for an extension of time to serve the summons and that the Amended Complaint be dismissed because of a lack of personal jurisdiction the remaining bases for dismissal of Plaintiffs' Amended Complaint raised by the USSIC and F&D have not been addressed. *See, e.g., Felton v. Monroe Cmty. Coll.*, No. 6:20-CV-06156 EAW, 2021 U.S. Dist. LEXIS 56748, 2021 WL 1132411, at *4 (W.D.N.Y. Mar. 24, 2021) ("Because the Court does not have personal jurisdiction over the defendants who were never properly served, and because the Court may never have jurisdiction over them if Plaintiff fails to serve the summonses and complaint, it may ultimately be unnecessary for the Court to address the various arguments raised by these defendants in support of dismissal"); *Feingold v. Hankin*, 269 F. Supp. 2d 268, 270 (S.D.N.Y. 2003) (finding that plaintiff failed to properly serve defendant and deferring further discussion on the merits of plaintiff's claim, until all parties have been properly served); *see also Zeballos v. Tan*, No. 06-cv-1268 (GEL), 2006 U.S. Dist. LEXIS 46366, 2006 WL 1975995 (S.D.N.Y. July 10, 2006) ("Because proper service has not been effected, the Court remains without personal jurisdiction over the defendant. . . . Accordingly, the Court will not at this stage consider defendant's additional defenses or defendant's motion to strike")(citations omitted).

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court on the parties. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. §

15

636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997).

Dated: Central Islip, New York
       July 30, 2021

                                                        _____/s/_____
                                                        ARLENE ROSARIO LINDSAY
                                                        United States Magistrate Judge